**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5249**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GERMAN CHANG MENDOZA, a/k/a Doloteo Arrollo Blanco,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:09-cr-00250-WO-1)

───────────

Submitted:  June 30, 2011            Decided:  July 18, 2011

───────────

Before MOTZ and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to the terms of his written plea agreement, German Chang Mendoza pleaded guilty to interfering with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006) ("Count One"), and brandishing a firearm during and in relation to a crime of violence, to wit: robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006) ("Count Two"). The district court sentenced Mendoza to a total of 132 months' imprisonment, consisting of forty-eight months on Count One and eighty-four months on Count Two, to be served consecutively. In determining the sentence for Count One, the district court varied upward from the high end of Mendoza's sentencing range under the advisory Sentencing Guidelines by eleven months.

On appeal, Mendoza challenges only the substantive reasonableness of this upward variance. We have reviewed the record and discern no abuse of discretion in the district court's sentencing decision. Accordingly, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Savillon-Matute, 636 F.3d 119, 122 (4th Cir. 2011). Ordinarily, this review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. However, because Mendoza "does not challenge

2

the procedural reasonableness of his sentence" (Appellant's Br. at 8 n.1), we need only consider whether Mendoza's sentence is substantively reasonable.

When reviewing the substantive reasonableness of a sentence, this court assesses "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) [(2006)] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. The court "must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). When the district court exercises its discretion and varies from the defendant's advisory Guidelines range, it must explain its reasons for doing so. United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir.), cert. denied, __ S. Ct. __, 2011 WL 1671037 (U.S. May 31, 2011) (No. 10-10257). Although the district court "must ensure that its justification supports 'the degree of the variance,'" it need not make "a finding of 'extraordinary' circumstances" in order to impose a sentence outside the defendant's Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 47).

3

Mendoza contends that his variance sentence is substantively unreasonable because it is greater than necessary to achieve the statutory aims of sentencing and because the district court failed to appropriately weigh those 18 U.S.C. § 3553(a) factors that supported his request for a within-Guidelines sentence. We disagree.

In explaining its reasons for the upward variance in Count One, the district court identified several § 3553(a) factors that supported its decision. Specifically, the court cited Mendoza's obstructionist conduct, which included providing a false name and date of birth to the police and minimizing the seriousness of the offense, and Mendoza's leadership role in the robbery, as relevant to 18 U.S.C. § 3553(a)(1) — the nature and circumstances of the offense — and found these factors were unaccounted for in the Guidelines calculation for Count One. The court further opined that the robbery was "very violent," in that Mendoza had pointed his firearm at a shop clerk's head, see 18 U.S.C. § 3553(a)(2)(A) (sentence should reflect the seriousness of the offense), and that this too was not accounted for in the Guidelines calculation. Finally, the court addressed Mendoza's personal history and characteristics, noting that it was sympathetic to Mendoza's lack of a stable family environment and his substance abuse problems. The court ultimately concluded, however, that the danger Mendoza posed to the

4

community — evidenced by the fact that, despite his relatively young age (twenty-five), Mendoza had a history of using aliases, two convictions for driving while impaired, and a prior conviction for assault with a deadly weapon — trumped any leniency that these factors might otherwise support. Thus, the court opined that an upward variance was necessary to protect the public from any further crime Mendoza may commit. See 18 U.S.C. § 3553(a)(2)(C). We thus conclude the district court's well-reasoned explanation amply justified the extent of the variance it imposed.

Because there was no abuse of discretion in the district court's reasoning in this case, we will defer to it. See Diosdado-Star, 630 F.3d at 366-67 (holding sentencing court's decision to impose a sentence six years longer than advisory Guidelines range was reasonable, because district court employed § 3553-based reasoning to justify the variance); see also United States v. Jeffrey, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), petition for cert. filed, __ U.S.L.W. __ (U.S. June 2, 2011) (No. 10-10894). We therefore affirm Mendoza's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED