**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

v.

JOSE ADAN SAVILLON-MATUTE,

      *Defendant-Appellant.*

No. 09-4926

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(1:09-cr-00196-JFM-1)

Argued: December 8, 2010

Decided: February 18, 2011

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Davis and Judge Keenan joined.

## COUNSEL

**ARGUED:** Meghan Suzanne Skelton, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rachel Miller Yasser, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Balti-

more, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

**OPINION**

SHEDD, Circuit Judge:

Jose Adan Savillon-Matute appeals his criminal sentence, contending that the district court violated *Shepard v. United States*, 544 U.S. 13 (2005) in calculating his advisory sentencing range. Because the alleged error in calculating the guideline range is harmless, we affirm.

I.

A federal grand jury in the District of Maryland indicted Savillon-Matute on one count of illegal reentry into the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Savillon-Matute pled guilty to the indictment, with the parties agreeing to strike as surplusage the clause "after having been convicted of an aggravated felony."[1]

Before sentencing, the probation office prepared a Presentence Report (PSR). The PSR calculated Savillon-Matute's base offense level under the United States Sentencing Guidelines as 8 but added an 8-level enhancement because he previously had been convicted of second-degree assault in Maryland, which the PSR concluded is an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). Including a 3-level reduction for acceptance of responsibility, the PSR set Savillon-Matute's total offense level as 13 and, with a crimi-

---

[1]The Government and Savillon-Matute agreed that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Government did not have to charge the prior conviction in the indictment.

nal history of I, calculated a recommended guideline range of 12 to 18 months imprisonment.

At sentencing, the Government argued that Savillon-Matute's second-degree assault conviction was for a "crime of violence" under *United States v. Diaz-Ibarra*, 522 F.3d 343 (4th Cir. 2008), and that, under U.S.S.G. § 2L1.2(b)(1)(A)(ii), the PSR should have increased Savillon-Matute's offense level by 16, not 8.[2] As a result, the Government argued that his total offense level was 21 and his guideline range was 37 to 46 months imprisonment. The Government noted that the probation officer agreed. To support its position, the Government proffered the charging documents and the plea colloquy from Savillon-Matute's earlier prosecution in Maryland. The charging documents show that Savillon-Matute was charged in six counts with sexually abusing and assaulting his girlfriend's seven-year old daughter on four occasions. The plea colloquy explained that Savillon-Matute pled guilty only to Count Six of the criminal information, which charged that he "did unlawfully assault [ZB] in the second degree." (J.A. at 47). Savillon-Matute's plea was made pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), which authorizes a defendant to waive trial and consent to punishment without admitting guilt to the charge.

In response, Savillon-Matute argued that he was not subject to either enhancement. Instead, he argued that under *Shepard*, because Maryland's second-degree assault statute does not necessarily include the use, attempted use, or threatened use of physical force, it does not categorically qualify as an aggravated felony or a crime of violence under the Sentencing Guidelines. Moreover, Savillon-Matute argued that, in applying *Shepard*'s "modified categorical approach," the district court could not consider the charging documents or the plea

---

[2]In *Diaz-Ibarra*, we held that, under the Application Notes to § 2L1.2, sexual abuse of a minor constitutes a crime of violence triggering the 16-level enhancement.

colloquy because an *Alford* plea does not contain an admission of facts.[3]

The district court ultimately sentenced Savillon-Matute to 36 months imprisonment. The court agreed with Savillon-Matute that second-degree assault is not categorically a crime of violence and that it could not consider the plea colloquy because Savillon-Matute entered an *Alford* plea. The court did determine, however, that it could take judicial notice of the fact — made clear in the charging documents — that Savillon-Matute's victim was a minor and that he used physical force against her. Accordingly, the court upheld the imposition of the 8-level "aggravated felony" enhancement proposed in the PSR.

In sentencing Savillon-Matute, the district court also made clear that a 36-month sentence was necessary under 18 U.S.C. § 3553(a) to deter him and to punish his continued flouting of American law. The court noted it "may be the first time" it had to "go upward" under § 3553(a) because "there comes a point when enough is enough," that the offense is "very serious," and that Savillon-Matute "came back twice" after being deported. (J.A. at 84). The court noted "[i]f I slap him on the wrist, the very incentives that made him come before" would lead him to come back again and that, accordingly, for "all of these reasons under 3553, I find it 3 years." (J.A. at 85). When questioned by defense counsel whether the court was applying the 16-level enhancement or just the 8-level enhancement, the court specified that it was "tak[ing] judicial notice that she was a minor" for purposes of § 3553(a). (J.A. at 87). In conclusion, the court noted again that Savillon-Matute had continued to flout the law and that it was necessary to "go[ ] up

---

[3]We have since held that, consistent with *Shepard*, a district court may not use the transcript from an *Alford* plea hearing to enhance a sentence under the Armed Career Criminal Act. *See United States v. Alston*, 611 F.3d 219 (4th Cir. 2010).

a lot" because "a three year sentence is absolutely the appropriate sentence in this case."[4] (J.A. at 88).

## II.

On appeal, Savillon-Matute argues that the district court committed reversible error in calculating his guideline range.[5] In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first "ensure that the district court committed no significant procedural error." *Id.* at 51. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51).

Procedural errors may include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a)

---

[4]On the judgment sheet, the district court noted that it adopted the advisory guidelines range of 12 to 18 months from the PSR and that its sentence is "above the advisory guideline range." (S.J.A. at 110).

[5]In his brief, Savillon-Matute also contended that his sentence is above the two-year statutory maximum sentence authorized by 18 U.S.C. § 1326(a). At oral argument, however, Savillon-Matute conceded that his sentence is not above the statutory maximum. This concession is correct; because Savillon-Matute's conviction under Maryland's second degree assault statute constitutes a "felony" conviction, his statutory maximum sentence is at least ten years pursuant to § 1326(b)(1). *See United States v. Harcum*, 587 F.3d 219, 221 n.4 (4th Cir. 2009) (noting that second degree assault is a misdemeanor under Maryland law but carries a "potential term of imprisonment of up to ten years"); *United States v. Cordova-Arevalo*, 456 F.3d 1229, 1232 (10th Cir. 2006) (holding that term "felony" in § 1326(b)(1) is defined as "an offense punishable by a maximum term of imprisonment of more than one year"); Black's Law Dictionary 633 (7th Ed. 1999) (defining felony as "serious crime usually punishable by imprisonment for more than one year or by death").

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

Savillon-Matute contends that the district court committed procedural error in applying the 8-level enhancement because the court should not have looked to the charging documents to determine that his second-degree assault conviction arose from his sexual abuse of a minor. Ultimately, instead of wading into the morass[6] of how to apply *Shepard* in the particular circumstances of this case, we may simply assume that an error occurred because the alleged error is harmless. *See United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006). In *Keene*, the Eleventh Circuit found that it was "unnecessary" to determine whether guideline error occurred when "a decision either way will not affect the outcome of [the] case." *Keene*, 470 F.3d at 1348. Applying this "assumed error harm-

---

[6]It is somewhat unclear how viable *Shepard* remains as a limitation to application of the guidelines. *See United States v. Dean*, 604 F.3d 169 (4th Cir. 2010). In *Dean*, we held that Shepard's "Sixth Amendment-based limitations on the kind of sources a sentencing judge may consult were not implicated" by a career offender guideline because the resulting sentencing range was "well below the statutory maximum." *Id.* at 173-74. Likewise, as in *Dean*, even with the 8-level enhancement, Savillon-Matute's sentence of 36 months imprisonment is well below the statutory maximum. *See* 18 U.S.C. § 1326(b) (establishing a ten-year statutory maximum for persons convicted of illegal reentry after a felony conviction). *Dean* further expressed, however, that a court still must address the "statutory" argument from *Shepard*—that a district court should not look to outside documents and turn sentencing into a new "mini-trial[ ]." *Dean*, 604 F.3d at 174, 176. *Dean* noted this statutory argument did not "come into play" in situations, present in that case, "when the question does not bear upon the character of the acts for which the defendant was tried." *Id.* at 176. Unlike *Dean*, which dealt with the date of an arrest, a "discrete and objective fact[ ]," this case would require us to make a "qualitative assessment[ ] of the sort at issue in *Shepard*," that is, the character of the acts underlying Savillon-Matute's prior conviction. *Id.* at 175. Because we assume *Shepard* error in reviewing Savillon-Matute's sentence, we need not address how *Shepard* would continue to apply in such a case.

lessness inquiry" requires (1) "knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way," and (2) "a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor . . . ." 470 F.3d at 1349. "Put a little differently, it would make no sense to set aside [a] reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Keene*, 470 F.3d at 1350; *see also United States v. Alvarado Perez*, 609 F.3d 609, 619 (4th Cir. 2010) (Shedd, J. concurring).

This approach originates from two bases: (1) that "procedural errors at sentencing . . . are routinely subject to harmlessness review," *Puckett v. United States*, 129 S.Ct. 1423, 1432 (2009), and (2) that we commonly assume, without deciding, an error in performing harmless error inquiry, *see, e.g.*, *United States v. Lighty*, 616 F.3d 321, 371 (4th Cir. 2010) (noting that the court "assumed[ ] a few harmless errors"); *United States v. Johnson*, 587 F.3d 625, 637 (4th Cir. 2009) ("Martin raises several potential errors that the district court made in admitting the 1980 conviction, but we need not address them. Assuming that the district court erred in admitting the conviction, that error was harmless."); *United States v. Basham*, 561 F.3d 302, 329 (4th Cir. 2009) (noting that admission of certain evidence "even if erroneous, . . . was harmless").

Applying this two-step inquiry leads us to conclude that Savillon-Matute's sentence should be affirmed. Although the district court did not specifically state that it would give the same sentence absent the 8-level enhancement, there is no requirement that it do so, *see Keene*, 470 F.3d at 1349, and the district court explained throughout sentencing that it "absolutely" believed a 36-month sentence is appropriate. This consistent indication shows that it would have reached the same result even if it had decided the guidelines issue the other way

and satisfies the first requirement of the "assumed error harmlessness inquiry." Turning to the second requirement, we "initially give [Savillon-Matute] the benefit of the doubt and assume" that the guideline range was 4-10 months[7] and "proceed to decide the question of whether a variance from that range" to 36 months is reasonable. *Alvarado Perez*, 609 F.3d at 622. Based on our deferential standard of review and the lengthy statement of reasons from the district court, we believe the answer is clear. The court, as recounted, explained its sentence in some detail, noting the need to deter Savillon-Matute, the seriousness of the offense, and the fact that he sexually assaulted a minor.[8] As the court amply explained, absent a stern sentence the "very incentives that made him come before will make him" return again. (J.A. at 85). Accordingly, we affirm Savillon-Matute's sentence without reaching the merits of the claimed guideline error.

### III.

For the foregoing reasons, we affirm Jose Adan Savillon-Matute's sentence of 36 months imprisonment.

*AFFIRMED*

---

[7]If the 8-level enhancement is improper, Savillon-Matute is still subject to a 4-level enhancement for a prior felony conviction, yielding a total offense level of 9 and a guideline range of 4-10 months. *See* U.S.S.G. § 2L1.2, app. note 2 (defining "felony" as an offense "punishable by imprisonment for a term exceeding one year").

[8]Even assuming *Shepard* limited the district court's ability to consider certain materials in enhancing Savillon-Matute's sentence, we see no limitation on the district court's consideration of such materials in crafting its sentence under § 3553(a).