**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5270**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JUAN CARLOS GALVAN-MAGANA, a/k/a Juan Carlos Sandoval,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:10-cr-00105-TDS-1)

Submitted: August 18, 2011          Decided: August 22, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Ferris Ridgely Bond, BOND & NORMAN, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Galvan-Magana appeals from his forty-four-month sentence imposed pursuant to his guilty plea to illegal re-entry of a convicted felon. Galvan-Magana challenges his sentence on various grounds. We affirm.

First, Galvan-Magana asserts that the district court erred in denying his motion for a departure on the basis of cultural assimilation. However, we lack the authority to review a district court's denial of a downward departure unless the district court did not recognize its authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). As it is clear that the district court understood its discretion in this matter, we dismiss this portion of the appeal.

Second, Galvan-Magana challenges his sentence on various bases not raised below. Specifically, he asserts that his sentence is greater than necessary and unreasonable because it lacks an empirical basis, the Guidelines overstate the seriousness of his offense, illegal re-entry permits double counting of prior convictions, the Guidelines create incongruous and overreaching results, there is a disparity in sentencing across districts, and illegal re-entry defendants spend more time incarcerated than other defendants receiving the same sentence. While Galvan-Magana was free to argue to the district court that any or all of these circumstances supported a

2

variance sentence, he did not do so. Because there was no procedural error by the district court in its consideration of these issues, our review on appeal is limited to considering the substantive reasonableness of the sentence under an abuse of discretion standard. See United States v. Savillon-Matute, 636 F.3d 119, 122-23 (4th Cir. 2011).

As such, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2011)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We presume on appeal that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We have reviewed the record and conclude that the district court considered the § 3553(a) sentencing factors and imposed a sentence consistent with those factors. Specifically, the court noted Galvan-Magana's continued criminal conduct, his involvement with drugs, and the need to protect the public, and weighed these factors against Galvan-Magana's ties to the United States and his employment history.

Because Galvan-Magana has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence, we affirm his sentence. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4