**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4434**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMA DAIGA,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Marvin J. Garbis, Senior District Judge.  (1:09-cr-00628-MJG-1)

Submitted:  May 22, 2012                    Decided:  June 12, 2012

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dema Daiga, Appellant Pro Se.   Jefferson McClure Gray, Sujit Raman, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dema Daiga, proceeding pro se, appeals his conviction by jury and resulting sixty-five-month sentence on ten counts of wire fraud, violating 18 U.S.C. § 1343 (2006), and on two counts of aggravated identity theft, violating 18 U.S.C. § 1028A(a)(1) & (c)(5) (2006). The convictions arise from Daiga's participation in a scheme that fraudulently obtained home mortgage loans from a Maryland mortgage lending company, Landmark Funding LLC ("Landmark"). Having carefully examined the record in light of Daiga's arguments on appeal, we affirm the judgment of the district court.

Daiga first argues that the district court erred in refusing to give the jury his proposed instruction pertaining to Landmark's willful blindness. The decision to give or refuse a jury instruction is reviewed for abuse of discretion. United States v. Green, 599 F.3d 360, 377 (4th Cir. 2010). The failure to give a requested theory of defense instruction is reversible error "only if the instruction (1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with some point in the trial so important that the failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." Id. at 378 (quotation marks omitted). We have thoroughly examined the record in light of Daiga's assertions and conclude that the

2

district court's refusal to give the requested instruction was not an abuse of its discretion.

Daiga next contends that the district court erred in denying his motion to suppress certain statements he made to an FBI agent prior to trial. The district court's legal conclusions underlying a suppression determination are reviewed de novo, while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). "Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the government." United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). We have reviewed the record and conclude that the district court properly ruled that the statements were not subject to suppression. Moreover, because Daiga did not pursue any argument at trial that his statements were involuntary, the district court properly declined to give a jury instruction to that effect.

Daiga next contends that the evidence was insufficient to support his convictions on each count of the indictment. When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in favor of the government and will uphold the jury's verdict if it is supported by "substantial evidence." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence

3

that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Our review of the record convinces us that substantial evidence supported Daiga's convictions on all counts.

Next, Daiga claims that he was prejudiced by virtue of the fact that he was tried jointly with a codefendant. However, severance is warranted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). Because the only complaint Daiga makes about his joint trial is the presence of mildly antagonistic defenses, he identifies no specific right that was meaningfully compromised by his joint trial. See id. at 474.

Daiga also asserts that the government committed prosecutorial misconduct by misrepresenting the evidence and making improper remarks during closing arguments. Because Daiga failed to object at trial, his claims are subject to plain error review. United States v. Griffin, 818 F.2d 97, 99 (1st Cir. 1987). Our review of the record persuades us that none of Daiga's allegations constitute plain error.

4

Daiga further contends that his trial counsel was unconstitutionally ineffective. Having examined each of his contentions, we conclude that any asserted ineffectiveness on behalf of Daiga's counsel does not conclusively appear from the record. As a result, these claims are unreviewable on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also Stephens v. Branker, 570 F.3d 198, 209 (4th Cir. 2009) ("Adverse effect cannot be presumed . . . from the mere existence of a conflict of interest." (quotation marks omitted)). Daiga also raises several other claims with respect to various aspects of his trial; we have reviewed each of them and find them meritless.

Finally, Daiga asserts that the district court committed reversible error at sentencing. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (quotation marks omitted). This court will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v.

<u>Manigan</u>, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citation omitted).

In light of the evidence adduced against him, Daiga's first argument — that he deserved a mitigating role reduction under <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 3B1.2 solely by virtue of the fact that the district court ruled that he was ineligible for a leadership role enhancement — is unpersuasive.

Daiga also contends that the district court erred in calculating the relevant loss amount as exceeding $400,000 under USSG § 2B1.1(b)(1)(H). In support of his claim, Daiga contends that the district court failed to deduct the value of the collateral that secured the loans when calculating the amount of loss. <u>See</u> <u>United States v. Baum</u>, 974 F.2d 496, 499 (4th Cir. 1992) (holding that "the value of the security interest should be deducted from the amount of the loan in determining 'loss' for purposes of enhancing their sentences"). But, regardless of whether the district court properly calculated the loss, a procedural error is harmless where (1) the appellate court has "knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way," and (2) "the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." <u>United States v. Savillon-Matute</u>, 636 F.3d 119, 123 (4th Cir.), <u>cert. denied</u>, 132 S. Ct. 454 (2011) (internal quotation marks

6

omitted). Here, the district court indicated that an upward departure would have been justified if its loss calculation was erroneous. Accordingly, we conclude that the sentencing court would have reached an identical result regardless of any error and that the resulting sentence was in any event reasonable. We therefore decline to disturb Daiga's sentence on this basis.

Accordingly, we affirm the judgment of the district court. We deny Daiga's pending motion to clarify the denial of his release pending resolution of his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

<u>AFFIRMED</u>

7