<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4554**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

XAVIER VIDAL JENNETTE,

               Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-cr-00147-BR-1)

Argued:  October 23, 2012      Decided:  December 6, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Samuel A. Forehand, LAW OFFICE OF SAMUEL A. FOREHAND, P.A., Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2006, a jury convicted Xavier Jennette of identity theft, wire fraud, and several related offenses, and the district court sentenced him to 121 months in prison. Jennette appealed, and we vacated his sentence and remanded for resentencing. On remand, the district court again imposed a sentence of 121 months. Jennette now appeals this second sentence. Jennette contends that a court reporter's delay in producing a transcript that he needed for his first appeal denied his right to due process. He also contends that the district court abused its discretion at resentencing by refusing to consider certain evidence that he wanted to offer. Finally, he contends that the district court committed procedural error by misapplying the Sentencing Guidelines and failing to consider the factors listed in 18 U.S.C. § 3553(a). Finding no merit in these contentions, we affirm.

I.

Jennette's first appeal proceeded slowly because the court reporter responsible for producing transcripts of the trial and sentencing produced them in piecemeal fashion and did not produce them in total until 16 months after the deadline we had imposed. Once the transcripts were produced and the appeal proceeded, we vacated the sentence and remanded, finding that

2

the district court had abused its discretion by denying a motion from Jennette's attorney to withdraw. United States v. Jennette, 387 Fed. Appx. 303 (4th Cir. 2010).

At the resentencing, Jennette called Anthony Wallace, a co-conspirator who had testified against him at trial. After trial, Wallace had signed an affidavit recanting his trial testimony and stating that Jennette was innocent. However, Wallace later told Jennette's counsel that the affidavit was false, essentially recanting his recantation. Still, Jennette called Wallace to testify at the resentencing,[1] but Wallace refused to do so, asserting his Fifth Amendment rights in response to each question he was asked. Jennette then unsuccessfully sought to introduce evidence that Wallace's trial testimony implicating Jennette was false and his post-trial affidavit exonerating Jennette was true. Eventually, because the district court decided that Wallace was not credible, it disregarded all of his testimony.

The district court then again sentenced Jennette to 121 months. The new sentence reflected the district court's application of the Sentencing Guidelines, including enhancements for Jennette's leadership role in criminal activity involving

---

[1] Jennette asserted that this testimony could have rebutted evidence the government offered in favor of enhancements and an upward departure.

five or more individuals, U.S.S.G. § 3B1.1(a); abusing a position of trust, U.S.S.G. § 3B1.3; and obstructing justice. U.S.S.G. § 3C1.1. Additionally, the new sentence reflected an upward departure based upon the district court's finding that the offense level determined by the Guidelines substantially underestimated the seriousness of the offense. U.S.S.G. § 2B1.1, Application Notes 19. The district court also noted that "in the alternative, the Court would impose the exact same sentence as a variance under 18 U.S.C. § 3553(a)." S.J.A. 1349.

II.

We first address Jennette's contention that the delay in transcript production during his first appeal denied him due process. We review claims of due process violations de novo. United States v. Shealy, 641 F.3d 627, 633 (4th Cir. 2011).

In determining whether delay in processing an appeal denies a criminal defendant due process, we consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984)(quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)). Here, we consider the fourth factor, prejudice, to be dispositive because Jennette suffered none. We first note that, because Jennette is serving a sentence for a conviction that is not being appealed, and

4

because we affirm the totality of the sentence imposed by the district court—the same sentence the district court imposed in the first sentencing—the delay in obtaining transcripts did not add to Jennette's prison sentence. Jennette also claims that Wallace may not have recanted his post-trial affidavit had the appellate process run faster and the resentencing occurred earlier. However, there is nothing in the record that allows a reasonable inference that it was the passage of time, rather than some other factor, which motivated Wallace to recant his affidavit. Jennette's assertion otherwise is mere speculation, which is insufficient to provide a factual basis for a claim of prejudice.

Moreover, we reject Jennette's assertion that the decision of a witness to assert his Fifth Amendment rights is the type of prejudice which has been found to support a due process claim. The Supreme Court has observed that a delay may cause prejudice if a witness dies or disappears during the delay or is unable to recall accurately the events of the distant past. Barker, 407 U.S. at 532. Here, Wallace was available to testify at the resentencing, and there is no indication that his memory was impaired; he simply chose to assert his Fifth Amendment rights. Therefore, Jennette was not prejudiced in a way that would support a due process claim.

5

## III.

We next address Jennette's contention that the district court erred by refusing to admit evidence that he wanted to offer for the purpose of showing which of Wallace's conflicting stories was true. We review this evidentiary ruling for abuse of discretion. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010).

At resentencing, the district court was aware of Wallace's trial testimony, his affidavit recanting that testimony, and his recantation of that recantation. The district court properly considered Wallace's credibility and then determined that his credibility was so lacking that the court would not consider any of Wallace's testimony. See United States v. McKenzie-Gude, 671 F.3d 452, 463 (4th Cir. 2011) (noting the great deference afforded the district court's credibility determinations at sentencing). Thus, the district court did not abuse its discretion by refusing to rely on Wallace or any evidence offered to support or refute any version of Wallace's testimony, or to prolong the hearing to allow the presentation of any other evidence concerning Wallace's completely discounted testimony.

## IV.

We turn next to Jennette's challenges to the district court's application of the Sentencing Guidelines and 18 U.S.C. §

3553(a).  In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).  Ordinarily, we first "ensure that the district court committed no significant procedural error." Id. at 51. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51).

In imposing a criminal sentence, a district court must "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328. However, "this is not to say that the district court must robotically tick through § 3553(a)'s every subsection," U.S. v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), as long as the district court makes an "individualized assessment based on the facts presented." Gall, 552 U.S. at 50.

Here, the district judge had presided over Jennette's five-day trial, his initial two-day sentencing hearing, and the two-day resentencing.  Throughout the sentencing process, the district court demonstrated intimate familiarity with the details of the case, even correcting Jennette's counsel when he made an assertion that was inconsistent with the presentence

7

report. At both sentencing hearings, the district court heard extensive arguments on the § 3553(a) factors and plainly gave Jennette the individualized assessment required by Gall. For example, the district court noted that Jennette's crime imposed significant non-monetary harm on his victims and that Jennette had lied under oath. Thus, we conclude that Jennette received the individualized sentence to which he is entitled.

Jennette also challenges the district court's application of the Sentencing Guidelines, specifically contending that it erred in imposing enhancements and an upward departure. Even if the district court had erred in applying the Sentencing Guidelines, the errors would be harmless. As we held in United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011), errors in applying the Sentencing Guidelines are harmless where, even if the district court had applied the Guidelines properly, it (1) would have imposed the same sentence and (2) the sentence would have been reasonable. Here, the district court stated that it would have imposed the same sentence regardless of the Guidelines calculation, and Jennette has not asserted that the sentence was substantively unreasonable. Thus, any error in the district court's Guidelines calculation would have been harmless.

V.

For the foregoing reasons, we affirm the sentence imposed by the district court.

AFFIRMED