TRAXLER, Chief Judge,
concurring in the result:
I would affirm the sentence on the alternative basis given by the district court, namely that the § 2K2.1(b)(6)(B) enhancement was proper because Lucas committed felony breaking or entering when he entered Guthrie’s home and because his possession of the firearm facilitated that felony. For a breaking or entering to be felonious under North Carolina law, the unprivileged entry must be made with the intent to commit another felony or larceny. See N.C.G.S. § 14 — 54(a); United States v. Carr, 592 F.3d 636, 644 (4th Cir.2010). Lucas argues that the district court clearly erred to the extent that it found that Lucas entered Guthrie’s residence with the intent to obstruct justice by hiding the gun there. I believe, however, that it was reasonable for the court to infer that Lucas, a felon, fled from the police because he did not want to be caught with the gun and that he entered Guthrie’s home with the intent of hiding the gun.
Even assuming arguendo that the district court procedurally erred in applying the enhancement, however, I agree with my colleagues that any error was harmless. See ante at 288 n. 4. The district court unequivocally stated that its choice of sentence did not depend on the correctness of the enhancement, and the court declared that it would select the very same sentence were we to hold that the enhancement did not apply. Especially considering Lucas’s truly awful pattern of recidivism, we have no reason whatsoever to doubt the district court on this point. Accordingly, so long as the alternative sentence was not an abuse of discretion, any error in applying the enhancement was harmless. See United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir.2011) (holding that when a district court gives an alternative, substantive basis for a sentence to account for the contingency that the district court has committed procedural error, the alternative sentence is reviewed for abuse of discretion, and if it is found to be reasonable, then any remaining, alleged procedural errors are presumed to be harmless); see also United States v. Hargrove, 701 F.3d 156, 162 (4th Cir.2012) (rejecting the argument that Savillon-Matute should “be read narrowly to apply only under the unique circumstances of that case”), cert. denied, — U.S.-, 133 S.Ct. 2403, 185 L.Ed.2d 1114 (2013).
I do not believe that the alternative sentence constituted an abuse of discretion. The court discussed in great detail Lucas’s criminal record of 59 convictions, which included many violent crimes. The court also noted that Lucas had violated his probation on several occasions and found that he was “exceptionally violent” and “a committed drug dealer” whose proclivity for crime had only increased over the years. J.A. 86. These observations were well founded and, if the § 2K2.1(b)(6)(B) enhancement did not apply, a significant upward departure under U.S.S.G. § 4A1.3 would have been justified in light of both the seriousness of Lucas’s criminal history and the significant chance of his recidivism.