**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4337**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOEL DEVON ARTIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-cr-00091-D-1)

Submitted: January 27, 2014      Decided: February 12, 2014

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Devon Artis appeals the 120-month sentence imposed after he pled guilty to possession with intent to distribute a quantity of marijuana and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court departed upward pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5K2.21 (2011), based on Artis's conduct in shooting an assailant during a drug transaction that became an attempted robbery and continuing to fire a handgun during a struggle with the assailant. On appeal, Artis argues that the district court's use of this conduct to enhance his offense level pursuant to USSG § 2D1.1(b)(1) (possession of a dangerous weapon) and USSG § 2D1.1(b)(2) (use of violence), and also to support an upward departure under § 5K2.21 for uncharged conduct, amounted to impermissible double counting. We affirm.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In evaluating procedural reasonableness, we consider whether the district court properly calculated the

2

defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence.  Gall, 552 U.S. at 49-51.

In reviewing any sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision.  United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011).  If the sentence is free of procedural error, the court reviews it for substantive reasonableness, taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.

Section 5K2.21 of the Guidelines provides that

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

USSG § 5K2.21, p.s.  "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of

a consideration that had been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). Unless expressly prohibited by the Guidelines, double counting is permitted. Id.

Even if we assume that the district court erred by impermissibly double counting the conduct in question, a procedural sentencing error is harmless where this court has "(1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted). The district court in this case clearly stated that it would impose the same sentence as an upward variance based on its consideration of the § 3553(a) factors. Before the upward departure, Artis's sentencing range was twenty-seven to thirty-three months of imprisonment, and the court's 120-month sentence is a variance of 263 percent. Our review of the record leads us to conclude that the serious nature of Artis's conduct, which was thoroughly described by the district court, demonstrates the need for the sentence to reflect the seriousness of the offense, the need to protect the public by incapacitating Artis, the need

for deterrence, and the need to impose just punishment. The district court's choice of an alternative upward variant sentence was reasonable.

In light of the district court's consideration of the parties' arguments and the § 3553(a) sentencing factors, and its thorough articulation of reasons warranting the imposition of an upward variant sentence, we find no abuse of discretion in the district court's determination of the extent of the variance. United States v. Hargrove, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from zero-to-six-month Guidelines range to sixty-month sentence), cert. denied, 133 S. Ct. 2403 (2013); Diosdado-Star, 630 F.3d at 366-67 (affirming variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court."). Artis's sentence is reasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED