**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-4233

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RAFAEL WALS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-cr-00057-D-1)

_____

Submitted: April 28, 2014          Decided: May 1, 2014

_____

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Wals pled guilty, without a plea agreement, to one count of bribery, in violation of 18 U.S.C. § 201(b)(2) (2012). The district court sentenced Wals to twenty-seven months in prison. In doing so, the district court applied a sentencing enhancement for obstruction of justice and declined an adjustment for acceptance of responsibility, rejecting Wals' objections as untimely and meritless. In addition, the district court stated that, even if its Guidelines calculations were incorrect, it would impose the same sentence as a variance under the factors set forth in 18 U.S.C. § 3553(a) (2012). Wals timely appeals.

Wals argues on appeal that the district court erred in finding his objections at sentencing untimely and in rejecting these objections on the merits. Wals contends that his twenty-seven-month sentence was unreasonable. Even assuming that the district court erred in applying an enhancement for obstruction of justice and refusing to apply an adjustment for acceptance of responsibility, we conclude that the claimed errors are harmless. See Puckett v. United States, 556 U.S. 129, 141 (2009) (observing that "procedural errors at sentencing . . . are routinely subject to harmlessness review.")

A procedural sentencing error is harmless when we have "(1) knowledge that the district court would have reached the

2

same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." United States v. Savillon–Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted). In this case, the district court plainly stated that it would have imposed the same sentence even if it erroneously calculated Wals' Guidelines range. Thus, the first prong of the harmlessness analysis is satisfied. As for the second prong, we have little difficulty in concluding that the imposed sentence is reasonable. The district court conducted a thorough analysis of the 18 U.S.C. § 3553(a) sentencing factors, referring to the serious nature of the offense, Wals' lack of respect for the law, and the need for general deterrence. Wals has failed to show that his twenty-seven-month sentence is unreasonable given the record and the § 3553(a) factors.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3