**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4271**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARK EDWARD COULTER,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  James K. Bredar, District Judge.  (1:12-
cr-00603-JKB-1)

_____

Submitted:  November 24, 2015          Decided:  July 5, 2016

_____

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland,
for Appellant.  Rod J. Rosenstein, United States Attorney, Ayn B.
Ducao, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Edward Coulter pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f) (2012), and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (f). After determining that Coulter qualified as a career offender, the district court sentenced him to 210 months' imprisonment.

The career offender sentencing enhancement applies if the defendant is at least 18 years old at the time of commission of the offense for which he is being sentenced and the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior convictions that qualify as either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2012). At the time of Coulter's sentencing, a crime of violence was defined to include any offense that is punishable by more than one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a).

While Coulter's appeal was pending, the Supreme Court, in Johnson v. United States, 135 S. Ct. 2551 (2015), ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18

2

U.S.C. § 924(e)(2)(B)(ii) (2012) ("or otherwise involved conduct that presents a serious potential risk of physical injury to another") is unconstitutionally vague.* In light of this decision, Coulter argues, and the Government concedes, that Coulter no longer qualifies as a career offender.

The Government contends, however, that any error by the district court in sentencing Coulter to 210 months is harmless because the district court asserted at sentencing that, even if Coulter did not qualify as a career offender, it would have imposed the same sentence based on its consideration of the sentencing factors, 18 U.S.C. § 3553(a) (2012). Procedural errors at sentencing are "routinely subject to harmlessness review." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011); see Puckett v. United States, 556 U.S. 129, 141 (2009).

"'[A]ssumed harmlessness inquiry' requires (1) 'knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'a

---

* "The ACCA defines 'violent felony' in a manner substantively identical to the definition of a 'crime of violence' in § 4B1.2 of the Guidelines." United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir. 2010). This court has not yet determined whether the holding in Johnson similarly invalidates the residual clause in USSG § 4B1.2(a)(2). But see In re Hubbard, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016) (concluding that Hubbard made a prima facie showing that the Supreme Court's decision in Johnson could apply to 18 U.S.C. § 16(b)). Our decision in Hubbard does not affect the harmless error analysis in the present case.

determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014). The error will be deemed harmless only when the Court is "certain" of these two factors. United States v. Gomez, 690 F.3d 194, 203 (4th Cir. 2012). Because the district court stated that it would have imposed the same sentence as an upward variance even if Coulter were not a career offender, we find that the first prong of the harmlessness inquiry is satisfied.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We review the substantive reasonableness of a sentence, considering "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfie[s] the standards set forth in § 3553(a)." Gomez-Jimenez, 750 F.3d at 382. When the district court imposes a variance sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

In determining Coulter's sentence, the district court expressly considered his history and characteristics—including his

4

numerous prior convictions, the nature and circumstances of the offenses of conviction, the seriousness of the offenses, the need to promote respect for the law, and the need to provide punishment. The court determined that there was a great need for deterrence, which had not been met by the short sentences Coulter had received for prior convictions. The court also emphasized the need to protect the public, opining that Coulter was "profoundly dangerous."

After considering all of the § 3553(a) factors, the district court determined that a 210-month sentence was appropriate. The court noted that, "even if I were to compute the [G]uidelines in such a way as to conclude that the defendant was not a career offender, I would nonetheless impose a sentence of 210 months of incarceration in this case because of . . . my conclusion that this defendant is profoundly dangerous." In light of the district court's thorough consideration of the sentencing factors and its individualized assessment of the factors as they related to Coulter, we conclude that the 210-month upward variant sentence is reasonable and that any error by the district court in concluding, pre-Johnson, that Coulter was a career offender, is harmless. See Gomez-Jimenez, 750 F.3d at 382.

Accordingly, we affirm the judgment of the district court. We deny Coulter's motions for leave to file a pro se supplemental brief and an amended supplemental pro se brief. See United

5

States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED