**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4783**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

STEWARD EUGENE WHITEHEAD, JR., a/k/a Geno,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:15-cr-00020-GMG-RWT-27)

Submitted: August 3, 2016          Decided: September 14, 2016

Before KING, SHEDD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Craig P. Erhard, LAW OFFICES OF CRAIG P. ERHARD, PLLC, Fairmont, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steward Eugene Whitehead, Jr., pleaded guilty in September 2015 to one count of using of a telephone to facilitate the distribution of heroin, in violation of 21 U.S.C. § 843(b), and one count of aiding and abetting interstate travel in aid of racketeering, in contravention of 18 U.S.C. §§ 2, 1952(a)(3). In December 2015, the district court sentenced Whitehead to thirty months in prison on each count and directed that those terms run consecutively. On appeal, Whitehead challenges his sentence as procedurally and substantively unreasonable. We vacate and remand for resentencing.

I.

On May 15, 2015, the grand jury in Martinsburg, West Virginia, returned a 163-count indictment against forty-one defendants, including Whitehead, alleging a heroin distribution conspiracy and related offenses. Whitehead was named in seven counts of the indictment, including one count of conspiracy to distribute and possess heroin, three counts of use of a telephone to facilitate the distribution of heroin, one count of interstate travel in aid of racketeering, and two counts of aiding and abetting interstate travel in aid of racketeering. In September 2015, pursuant to a plea agreement, Whitehead entered a plea of guilty to one count of use of a telephone to facilitate the distribution of heroin (Count

149) and one count of aiding and abetting interstate travel in aid of racketeering (Count 150).

On October 7, 2015, the probation officer prepared and submitted a presentence investigation report (the "PSR"), which recommended a total offense level of 12, a criminal history category of VI, and a corresponding guideline range of 30 to 37 months of imprisonment.[1]  The PSR recommended that, pursuant to section 5G1.2(c) of the Sentencing Guidelines, "the sentences on all counts of conviction shall run concurrently."  See J.A. 248.[2] Neither Whitehead nor the government objected to the PSR.

At Whitehead's December 5, 2015 sentencing, the district court adopted the PSR without change.  Consistent with the plea agreement, the government recommended that Whitehead be sentenced to thirty months of imprisonment, the bottom of his advisory Guidelines range.  The court proceeded to sentence Whitehead to thirty months of imprisonment on each count, to be served consecutively, for a total of sixty months.  In explaining its sentence, the court observed that Whitehead's "criminal history reveals an uninterrupted pattern of illegal activity that was

---

[1] In calculating Whitehead's recommended sentencing range, the PSR used the 2015 edition of the Guidelines, which the district court relied on in sentencing him.

[2] Citations herein to "J.A. _____" refer to the contents of the Joint Appendix filed by the parties in this appeal.

3

fueled by substance abuse problems," and that he committed the offenses of conviction while on probation. See J.A. 204. The court further declared that Whitehead's sentence "reflects the serious nature of the offense, and hopefully will deter the defendant from future criminal activity once he is released from incarceration." Id. Pursuant to the government's motion, the court dismissed the remaining five counts of the indictment as to Whitehead.

In its Statement of Reasons completed in connection with the sentencing, the district court indicated that it had adopted the PSR without change and that Whitehead's advisory Guidelines range was 30 to 37 months. The court, however, also checked a box indicating that "[t]he sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months." See J.A. 258.

On December 15, 2015, Whitehead noted this appeal from the district court's judgment. We possess jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. [3]

---

[3] Whitehead's plea agreement contains a waiver of his right to appeal his conviction or sentence "on any ground whatsoever." See J.A. 254. The government, however, has expressly agreed not to seek enforcement of that waiver with respect "to the limited issue of whether the district court erred in imposing the terms of imprisonment on counts 149 and 150 to run consecutively." See Br. of Appellee 4 n.1.

II.

We review for reasonableness a sentence imposed by a district court.  See Gall v. United States, 552 U.S. 38, 46 (2007).  In undertaking such a review, "we must first ensure that the district court committed no significant procedural error."  See United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir. 2011) (alterations and internal quotation marks omitted).  A sentence is procedurally unreasonable "if the court flatly omits certain steps, or if it analyzes relevant considerations in a manner contrary to fact or law."  See United States v. Medina-Campo, 714 F.3d 232, 234 (4th Cir. 2013).  Once we determine that a sentence is procedurally reasonable, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

III.

On appeal, Whitehead challenges the district court's imposition of consecutive, rather than concurrent, thirty-month sentences on a host of procedural and substantive grounds.  His most substantial contention is that the court committed procedural

error by imposing consecutive sentences without considering that the Sentencing Guidelines recommended concurrent sentences.[4]

Guidelines section 5G1.2 outlines the procedure for sentencing a defendant who is convicted in federal court of multiple criminal counts. If none of the counts of conviction carries a statutory mandatory minimum sentence, "the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law." See USSG § 5G1.2(b). If the total punishment is less than or equal to the statutory maximum sentence for at least one count of conviction, then "the sentences on all counts shall run concurrently, except to the extent otherwise required by law." Id. § 5G1.2(c). If, however, the total punishment exceeds the statutory maximum sentence on each count of conviction, the court "shall" impose consecutive sentences, "but only to the extent necessary to produce a combined sentence equal to the total punishment." Id. § 5G1.2(d).

The Guidelines, of course, are merely advisory and are not binding on district courts. See United States v. Booker, 543 U.S.

---

[4] Although the government maintains that several of Whitehead's contentions are subject to review for plain error only, it recognizes that he adequately preserved his contention that the district court erred in failing to consider that the Guidelines recommended concurrent sentences. See Br. of Appellee 15 (acknowledging that "the Court may review the purported [procedural] error for harmlessness").

220, 245 (2005). Nevertheless, they provide "the essential framework" for sentencing proceedings and "anchor the district court's discretion." See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) (alterations and internal quotation marks omitted). Thus, a sentencing court "must correctly determine whether the Guidelines recommend concurrent sentences," and the "[f]ailure to do so results in procedural error." See United States v. Nania, 724 F.3d 824, 830 (7th Cir. 2013).

As the government acknowledges, the district court "did not . . . address that § 5G1.2(c) of the Guidelines recommends that . . . Whitehead's sentences be served concurrently." See Br. of Appellee 17. The court's failure to consider what the Guidelines recommended constitutes procedural error. The government contends, however, that the error is harmless, because the court "would have imposed consecutive sentences regardless of the Guidelines." Id. at 19.

When a district court commits procedural error by either failing to address the Guidelines or by incorrectly applying them, we will deem such an error harmless when two conditions are met. First, we must be "certain" that the defendant's sentence would have been the same had the court correctly applied the Guidelines. See United States v. Gomez, 690 F.3d 194, 203 (4th Cir. 2012). Second, we must make a "determination that the sentence would be reasonable even if" the procedural error had not occurred. See

7

United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted).

Under these circumstances, we cannot be "certain" that the district court would have imposed consecutive thirty-month sentences had it considered the Guidelines' recommendation of concurrent sentences. To support its contention to the contrary, the government relies on the court's analysis of the sentencing factors enumerated in 18 U.S.C § 3553(a). As we explained in United States v. Montes-Flores, however, "something more than a review by the district court of the § 3553(a) factors is needed" for us to be "certain" that the defendant's sentence would have been the same. See 736 F.3d 357, 370 (4th Cir. 2013).

The government also directs our attention to the district court's Statement of Reasons, which characterizes Whitehead's sentence as being "within the guideline range." See J.A. 258. As the government observes, the Statement of Reasons suggests that the court "believed it was imposing a within-Guidelines sentence." See Br. of Appellee 18. But instead of receiving a sentence within the advisory Guidelines range of thirty to thirty-seven months, Whitehead was sentenced to sixty months in prison — twenty-three months above the top of the advisory Guidelines range.

As the Supreme Court recently explained in Molina-Martinez, the Guidelines are "most likely to have influenced the district court's sentencing decision" in cases "where the court chose a

8

sentence within what it believed to be the applicable Guidelines range." See 136 S. Ct. at 1347. Thus, an error in calculating the defendant's Guidelines range will "in most cases" exceed not only the threshold of harmlessness, but also the higher "reasonable probability of prejudice" standard that applies in the context of plain error review. Id. at 1346. Although Molina-Martinez involved a different procedural error than the one at issue in this appeal, as well as a more stringent standard of review, its reasoning applies with full force here. The fact that the district court followed the recommendation of the Guidelines with respect to the term of Whitehead's sentence raises a reasonable possibility that the court would have similarly followed the Guidelines' advice with respect to whether to impose consecutive or concurrent sentences. Accordingly, we cannot be certain that, but for the procedural error in failing to consider Guidelines section 5G1.2, the court would have imposed the same sentence.[5]

---

[5] Because we conclude that the district court committed reversible procedural error in failing to consider that the Guidelines recommended concurrent sentences, we do not address whether the imposition of consecutive sentences was substantively reasonable.

## IV.

For the foregoing reasons, we vacate the judgment of the district court and remand for resentencing.

<u>VACATED AND REMANDED</u>