**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4276**

_____

UNITED STATES OF AMERICA

Plaintiff – Appellee,

v.

GARY WAYNE LYLES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00377-NCT-24)

_____

Submitted:  December 21, 2016       Decided:  January 18, 2017

_____

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Elisa C. Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Wayne Lyles pleaded guilty pursuant to a plea agreement to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine. He received an 82-month sentence. On appeal, he argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a defendant's sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a district court's decision to apply a sentencing enhancement, "[w]e accord due deference to a district court's application of the sentencing guidelines." United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. Id. However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." Id. (alterations and internal quotation marks omitted).

The district court imposed a two-level enhancement for the unlawful transportation, treatment, storage, or disposal of a hazardous waste, under U.S. Sentencing Guidelines Manual § 2D1.11(b)(3)(B) (2014). For the enhancement to apply, the defendant's conduct must violate one of several environmental statutes, including the Resource Conservation and Recovery Act, 42 U.S.C. § 6928(d) (2012). USSG § 2D1.11 cmt. n.4. Lyles

2

asserts that the district court erred in applying this enhancement.

We assume, without deciding, that the court erred in its determination. Even if the court erred in assessing the enhancement, "harmless error review applies to a district court's procedural sentencing errors made during its Guidelines calculation." United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014). Thus, "we commonly assume, without deciding, an error in performing harmless error inquiry." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011). A "Guidelines error is harmless if we believe (1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the guidelines issue had been decided in the defendant's favor." United States v. Parral-Dominguez, 794 F.3d 440, 447 (4th Cir. 2015) (alteration in original) (internal quotation marks omitted). Even assuming that the application of the USSG § 2D1.11(b)(3)(B) enhancement was in error, that error was harmless.

Although the district court applied the enhancement, it "backed out" the increased two offense levels because other defendants involved in the same conspiracy did not receive the same enhancement. The court sentenced Lyles based on the Guidelines range without consideration of the enhancement.

3

Thus, any potential error from applying the enhancement is moot and harmless. See Parral-Dominguez, 794 F.3d at 447.

Lyles also argues that his 82-month sentence is substantively reasonable because it is higher than necessary to meet the considerations of the 18 U.S.C. § 3553(a) (2012) factors under the totality of the circumstances. Lyles argues that he had a limited criminal history consisting of relatively minor offenses, that prior to his methamphetamine addiction he had a solid and stable lifestyle, and that after receiving drug rehabilitation, he would be an unlikely recidivist.

If a sentence is free of "significant procedural error," as is the case here, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Lyles has not rebutted the presumption that his below-Guidelines sentence is substantively reasonable. The district court considered that Lyles did not "offend[] greatly," and that Lyles sincerely took responsibility for his offense. The court stated that it felt "optimistic" about Lyles'

4

potential when listening to him allocute. The court also noted Lyles' employment history and limited criminal history and considered the need for correctional drug treatment. The court also stated that the methamphetamine offense involved a serious drug and a serious problem. Viewing the totality of the circumstances, we conclude that Lyles has failed to overcome the presumption of reasonableness accorded his below-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5