**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4199**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

AARON LEE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.   Richard Mark Gergel, District Judge.   (2:11-cr-02109-RMG-1)

———————

Submitted:  September 11, 2013      Decided:  September 26, 2013

———————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  William Nettles, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Lee appeals his 120-month sentence imposed following his guilty plea to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (West Supp. 2013). Lee claims that the district court erred in determining that two prior state sentences should be counted separately under U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2012). Even assuming Lee is correct, we conclude that any error was harmless and affirm.

When assessing a challenge to the district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). Upon a finding of error, the Government may avoid reversal of a defendant's sentence if it demonstrates that the error did not impact the sentence imposed. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010). We must find that "the district court would have reached the same result even if it had decided the guidelines issue the other way" and "that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." See United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted).

2

Assuming here that the district court incorrectly determined that Lee's prior state offenses were separated by an intervening arrest, we conclude that the error was harmless because Lee was sentenced to the mandatory minimum of ten years for his federal offense. Accordingly, we conclude with confidence that Lee would have received the same sentence despite any error in the calculation of his Guidelines range.

Lee concedes as much, but argues that a miscalculation of his Criminal History Category may not be harmless because it could negatively impact his future sentencing or his classification and privileges within the Bureau of Prisons. We conclude, however, that Lee's speculation regarding future events and consequences is insufficient to preclude a finding of harmless error.

Accordingly, we affirm Lee's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED