**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4642**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

LUCIO DELEON-RAMIREZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:12-cr-00039-REP-1)

Argued:  September 20, 2013        Decided:  October 16, 2013

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Nicholas John Xenakis, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Michael Calvin Moore, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Michael S. Nachmanoff, Federal Public Defender, Caroline S. Platt, Alexandria Virginia, Valencia D. Roberts, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Lucio Deleon-Ramirez ("Appellant") pleaded guilty to a violation of 8 U.S.C. §§ 1326(a), (b)(1) for illegally reentering the United States after removal subsequent to a felony conviction. At sentencing, the district court granted the Government's motion for an upward variance and sentenced Appellant to 48 months imprisonment and three years of supervised release. Appellant challenges this sentence, asserting that the district court's imposition of a sentence of 48 months imprisonment was unreasonable, and the district court plainly erred in imposing a sentence of three years of supervised release notwithstanding the United States Sentencing Guidelines ("Guidelines") recommendation against imposing supervised release on a deportable alien.

We conclude the sentence of imprisonment imposed by the district court was substantively reasonable. We further conclude the sentence of three years of supervised release was not plain error because imposing a term of supervised release on a deportable alien who is likely to illegally reenter the country is an appropriate method of deterrence. Accordingly, we affirm.

I.

Appellant was born in Guatemala in 1977 and claims he fled his native country for Mexico at a young age due to civil

2

war. He also claims he suffered sexual abuse in both Guatemala and Mexico. Appellant lived in Mexico until sometime in 1995, when he first illegally entered the United States. Since illegally entering the United States, Appellant has developed a long pattern and practice of illegally reentering the country after deportation.

On June 17, 2001, Appellant was arrested by the United States Boarder Patrol and charged with an "inadmissible at entry" misdemeanor in the United States District Court for the Southern District of Texas. Appellant pleaded guilty and received a 90-day suspended sentence; he was then removed to Mexico on June 18, 2001.

On June 22, 2001, Appellant was again encountered by the United States Border Patrol in Texas and voluntarily returned to Mexico. Appellant was not prosecuted for this conduct and was only in Mexico a short time before once again illegally returning to the United States.

On February 13, 2004, Appellant was encountered by Immigration and Customs Enforcement ("ICE") Agents in Colorado following a traffic stop. An immigration judge in Colorado ordered Appellant removed to Mexico on February 25, 2004. Again, Appellant was not prosecuted for this conduct and was in Mexico only a few days before yet again returning to the United States.

On August 3, 2007, Appellant was convicted in the Circuit Court of Richmond, Virginia, of driving with a suspended license and sentenced to 90 days of incarceration with 60 days suspended.

On November 27, 2009, Appellant was arrested for assault and battery in Richmond, Virginia. Although Appellant was not prosecuted for the assault charge, he was charged and convicted of illegal reentry in the United States District Court for the Eastern District of Virginia -- notably, the same district court as in the instant matter.

During his sentencing hearing on May 21, 2010, Appellant stated to the district court, "I want to be deported as soon as possible. I want to take my family with me and never come back to this country. I want to say I am sorry for coming to this country." J.A. 111.[1] The district court sentenced Appellant to seven months imprisonment and one year of supervised release. In doing so, the district court stated,

> Mr. Deleon-Ramirez, if you ever come back to this country again illegally you will be caught, you will be prosecuted, your sentence will be a very long one. You came about that far away from having a two-year sentence today. And if the government had not [sic] been inclined to ask for it I would have been inclined to give it. So,

---

[1] Citations to the Joint Appendix ("J.A.") refer to the Joint Appendix filed by the parties in this appeal.

4

you start off with that break. But you will get no other break. You can't come to this country without complying with the immigration laws no matter why you come.

J.A. 115. After serving his sentence, Appellant was removed to Guatemala on October 6, 2010. Sometime thereafter, he once again illegally returned to the United States.

On February 26, 2012, ICE Agents located Appellant in Chesterfield County, Virginia, where he was in jail awaiting trial on charges of driving while intoxicated.[2] Thereafter, on March 6, 2012, a federal grand jury in the Eastern District of Virginia indicted Appellant on one count of illegal reentry, the instant offense. On April 25, 2012, Appellant pleaded guilty and appeared before the district court on July 30, 2012, for sentencing.

The Government moved for an upward variance, arguing that the calculated Guidelines range of 10 to 16 months imprisonment was not adequate considering the nature of the offense, the history and characteristics of Appellant, the need to protect the public, and the need to deter Appellant's future

---

[2] Appellant was convicted of misdemeanor driving while under the influence and misdemeanor driving without a license on June 13, 2012, and was sentenced to a total of 12 months incarceration with ten months suspended, and three years of probation.

5

criminal conduct. The Government recommended a sentence of 60 months imprisonment and one year of supervised release.

In response, Appellant argued that the district court should consider Appellant's past history of alleged sexual abuse and the conditions in Guatemala when deciding an appropriate sentence. Appellant suggested a within-Guidelines sentence of 14 months imprisonment as adequate deterrence. Just as he had done when he was sentenced for illegal reentry in 2010, Appellant once again told the district court that he was sorry and that he was going to take his children, leave this country and not return. Specifically, Appellant opined:

> I just want to say that I did come back into your country. I did the wrong thing coming back illegally, but I'm pretty sorry. I have my two kids here, but now I'm going to take back my kids to my country. And I will stay back there. If there is any way I can come back -- I will come back, but legally with the permission or visa.
> Now I understand your law. The last two years in 2010 I didn't understand. I know if you come back you're going to get this, okay. Now I came back and I got -- I'm here again, but the jail, it's not for me. So I understand now that I don't have to come back.

J.A. 95-96.

Given that Appellant had illegally entered or reentered the United States on multiple occasions, the district court agreed with the Government that an upward variance was warranted and varied Appellant's sentence upward to 48 months

6

imprisonment, to be followed by a three-year term of supervised release. At no time during the sentencing hearing or in any filings before the district court did Appellant object to the imposition of a term of supervised release.

On appeal, Appellant argues his sentence of 48 months imprisonment is substantively unreasonable because (1) it over-deters and does not adequately consider the nature of his offense or his history and characteristics; and (2) it creates an unwarranted sentencing disparity. Additionally, Appellant argues the district court committed plain error by imposing a three-year term of supervised release because he will be deported upon his release from prison, and the Guidelines recommend against imposing supervised release on a deportable alien. The Government disputes Appellant's contentions, arguing that Appellant's sentence is reasonable given his prior illegal reentries, and the district court was not prohibited from imposing a term of supervised release on Appellant.

II.

We review a sentence for reasonableness applying a deferential abuse-of-discretion standard "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Appellant concedes the district court committed no procedural error, therefore, we need only address the substantive

7

reasonableness of Appellant's sentence. When considering the substantive reasonableness of the sentence imposed, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the 'degree of the variance.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 50).

Appellant concedes that he did not object to the imposition or length of a term of supervised release before the district court. Therefore, we review the district court's decision to impose a term of supervised release for plain error. See Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). It is Appellant's burden to demonstrate the following: "(1) there [was] an error; (2) the error [was] plain, meaning obvious or clear under current law; and (3) the error . . . affect[ed] substantial rights." United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010) (internal quotation marks omitted).

III.

A.

Substantive Reasonableness

We reject Appellant's arguments that the district court over-deterred or failed to adequately consider either the nature of Appellant's offense or his history and characteristics and that the district court created an unwarranted sentencing disparity. Pursuant to 18 U.S.C. § 3553(a), a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (2)(B), (6). In considering these factors, the sentencing court "'must make an individualized assessment based on the facts presented.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

Here, the district court considered Appellant's arguments about his personal history and violence in Guatemala. Appellant urged the district court to take into consideration the fact that he left Guatemala due to civil unrest and the violence that he and his family faced there. The district court

9

did so,[3] but in considering Appellant's history and characteristics, it found more compelling Appellant's history of illegal reentry into the United States.

At sentencing, the district court discussed the appropriate deterrence for Appellant. The district court considered that neither the seven-month sentence Appellant served for his first conviction, nor the threat of a two-year sentence by the court at his first sentencing, deterred Appellant from continuing to illegally reenter the United States. In light of those considerations, the district court determined, "[i]n fact, it would not be inappropriate to impose a sentence approaching the statutory maximum of [ten] years in order to [deter Appellant], but I think that would be greater than is necessary." J.A. 97. The district then decided on a sentence of 48 months imprisonment. In imposing sentence, the district court stated,

> The last time he was here before this Court he was told that he was a hairs-breadth away from a 2-year sentence, but that because the government had asked for a lenient sentence of seven months this Court agreed to that and that that was an

---

[3] The district court stated, "[b]ut there's no evidence that [Appellant] was exposed to any of [the violence] or harmed by any of it, . . . and so what you're in essence asking me to do is take into account the general conditions in a country that don't seem to have any particular pertinence to him." J.A. 87.

> appropriate sentence under all circumstances.
>
> What is clear now beyond question is that the defendant has no respect for the laws of the United States. That even the threat of a 2-year sentence certainly will not deter him. It is necessary to impose a sentence of sufficient length to deter him from ever returning to this country again illegally, and to serve as an example to those who would take advantage of the leniency afforded in the federal courts to those who illegally enter and then immediately, or very closely thereafter, come back to the United States illegally.
>
> I find that it is necessary to impose an extremely lengthy period of confinement in order to protect the people of this country, to promote respect for the law, and to deter the defendant in view of his repeated violations of the law.

J.A. 96-97.

Based on the record before us, it is clear that contrary to Appellant's assertions, the district court did conduct a thorough, individualized assessment of the nature and circumstances of the offense and the history and characteristics of Appellant in light of the § 3553(a) factors. Furthermore, it was not an abuse of discretion for the district court to place significant emphasis on Appellant's repeated illegal reentry into the United States. See United States v. Rivera-Santana, 668 F.3d 95, 104-05 (4th Cir. 2012) (holding that upward variance was justified based on the § 3553(a) factors where the district court considered, inter alia, Rivera-Santana's "dogged defiance and lack of respect for the law, having repeatedly

11

reentered the United States illegally after being deported, and then committing further criminal offenses"); cf. United States v. Savillon-Matute, 636 F.3d 119, 122 (4th Cir. 2011) (determining district court's above-Guidelines sentence was reasonable under § 3553(a) where the district court considered, inter alia, that "Savillon–Matute came back twice after being deported" (internal quotation marks omitted)). The district court imposed a sentence it felt was adequate to deter Appellant, was below the recommendation of the Government, and was well below the statutory maximum of ten years.

Accordingly, we conclude the district court did not abuse its discretion, and Appellant's sentence of imprisonment was substantively reasonable.

B.

Plain Error

Finally, Appellant argues the district court committed plain error by imposing a three-year term of supervised release because Appellant will be deported at the end of his term of incarceration. We disagree.

In attempt to support his position, Appellant points to the Guidelines, arguing that a sentencing court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported

12

after imprisonment." U.S.S.G. § 5D1.1(c) (2011). Appellant should read further, however. Appellant's argument ignores the Guidelines' illumination on this point:

> In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. **The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.**

Id. at cmt. application n.5 (emphasis supplied).

It is clear, therefore, that the imposition of a term of supervised release on Appellant, a deportable alien, was not plain error. The district court was permitted to impose such a sentence based on the facts and circumstances of this particular case, which is precisely what it did. Under the circumstances, it was not plain error for the district court to determine that the imposition of a term of supervised release was a necessary measure of deterrence in light of Appellant's repeated illegal reentries into the country after having been warned about such conduct.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.