**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4089

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DEMETRIUS SPENCE, a/k/a Meat,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, Chief District Judge.  (2:11-cr-00004-D-1)

Argued:  January 29, 2014         Decided:  April 16, 2014

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Shailika K. Shah, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF**: Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a three-day jury trial, Demetrius Spence was convicted of, and sentenced for, one count of knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine base and three counts of knowingly and intentionally distributing cocaine base. On appeal, Spence challenges both his conviction and the procedural reasonableness of his 324-month sentence. Finding no basis for reversal, we affirm.

I.

The facts underlying Spence's prosecution begin in March 2009, when officers of the Pasquotank County Sheriff's Office received information from a confidential informant that Spence was distributing large quantities of drugs in Elizabeth City, North Carolina. Armed with information about Spence's criminal drug activity, officers used a confidential informant to conduct three controlled purchases of cocaine base from Spence. The confidential informant, Deroca Johnson, wore an audio-recording device and transmitter during each of the controlled purchases. Agent Jay Winslow, a narcotics investigator with the Pasquotank County Sheriff's Office, conducted visual surveillance of the controlled buys and monitored the transactions through the audio transmitter.

2

After the third controlled transaction, officers arrested Spence and charged him with one count of knowingly and intentionally conspiring to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and three counts of knowingly and intentionally distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

At trial, over defense counsel's objection, the government played four audio recordings that captured conversations during which Spence made inculpatory statements. Three of the recorded conversations were of the controlled purchases between Spence and Johnson. The fourth audio recording was of a jailhouse telephone conversation during which Spence chided his mother for communicating with law enforcement officers. For each of the audio recordings, the government provided the jury with corresponding transcripts. The district court instructed the jury that the transcripts of the recordings were not evidence but merely served as an aid. The government also called multiple cooperating witnesses who testified that Spence sold thousands of dollars of cocaine or cocaine base over the course of several years to numerous drug dealers. On the strength of the inculpatory audio recordings, coupled with testimony from case agents and cooperating witnesses, the jury convicted Spence on all counts charged in the indictment.

A presentence investigation report (PSR) prepared by a probation officer calculated Spence's total offense level as 38, which, combined with a criminal history category of III, yielded an advisory Guidelines range of 292 to 365 months' incarceration. Prior to his sentencing, Spence filed several objections to the PSR, including objections to the drug weight and to the inclusion of a 1998 North Carolina cocaine conviction in his criminal history score. Spence's counsel reasserted his objections to the PSR during Spence's sentencing hearing, arguing that the PSR impermissibly attributed to Spence a higher drug quantity than that found by the jury and that the 1998 North Carolina cocaine conviction should not be included in determining Spence's criminal history. The district court overruled Spence's objections and sentenced him to a total term of imprisonment of 324 months followed by a five-year term of supervised release. Spence now appeals, challenging (1) the admission of the audio recordings from the controlled purchases and the jailhouse telephone conversation between Spence and his mother; (2) the district court's drug quantity determination; and (3) the inclusion of Spence's 1998 cocaine conviction as part of his criminal history. We possess jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

We first address Spence's contention that the district court erred in admitting into evidence the audio recordings of the three controlled purchases and the jailhouse telephone conversation with his mother and in permitting the jury to use corresponding transcripts of the audio recordings. We review for an abuse of discretion the district court's decisions to admit audio recordings into evidence and to allow transcripts to aid in the presentation of recorded evidence.[*] See United States v. Capers, 61 F.3d 1100, 1106-07 (4th Cir. 1995); United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir. 1984).

---

[*] Although Spence specifically objected to the foundation laid by the government for admission of the recording of the jailhouse telephone conversation with his mother, he failed to state any specific ground for his objections to the admission of the recordings of the three controlled purchases. Generally, when a party fails to "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection . . . and would have clearly stated the specific ground now asserted on appeal," United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983) (citation omitted) (internal quotation marks omitted), we review the district court's evidentiary ruling for plain error, see Fed. R. Crim. P. 52(b); United States v. Pratt, 239 F.3d 640, 644 (4th Cir. 2001). Nevertheless, we elect to apply an abuse-of-discretion standard with respect to each of Spence's evidentiary challenges because the result is the same under either standard of review. See United States v. Palacios, 677 F.3d 234, 245 & n.6 (4th Cir. 2012) (assuming that defendant preserved evidentiary objections where arguments failed under an abuse-of-discretion standard).

The proponent of an audio recording carries the burden of demonstrating that the recording was sufficiently authentic to be admitted into evidence. United States v. Wilson, 115 F.3d 1185, 1188-89 (4th Cir. 1997). Under Federal Rule of Evidence 901(a), the requirement for authentication is satisfied when there is "evidence sufficient to support a finding that the item is what the proponent claims it is." Illustrative examples of such evidence include (1) testimony by a knowledgeable witness that "[the audio recording] is what it is claimed to be," Fed. R. Evid. 901(b)(1); (2) "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker," id. at (b)(5); or (3) testimony "describing a process or system and showing that it produces an accurate result," id. at (b)(9). "We have consistently allowed district courts wide latitude in determining if a proponent of tape recordings had laid an adequate foundation from which the jury reasonably could have concluded that the recordings were authentic and, therefore, properly admitted." United States v. Branch, 970 F.2d 1368, 1372 (4th Cir. 1992).

Spence maintains that there was an inadequate foundation for admitting the challenged audio recordings because the government failed to satisfy the seven-factor approach for the

6

admission of audio recordings as enunciated in United States v. McMillan, 508 F.2d 101 (8th Cir. 1974). This Circuit, however, has expressly declined to adopt a formulaic standard for the admissibility of recorded conversations; instead, all that is required under our precedent is some proof that the audio recording accurately reflects the conversation in question. See United States v. Clark, 986 F.2d 65, 68 (4th Cir. 1993) (observing that "the government [i]s not required to meet each of the McMillan guidelines"); Branch, 970 F.2d at 1371-72 (holding that audio recordings were adequately authenticated because the testimony at trial "was sufficient to support a finding by the jury that the tapes were what the Government claimed"). Applying this standard leads us to conclude that the government adduced an adequate foundation for each of the challenged audio recordings. Agent Winslow testified that he equipped Johnson with an audio-recording and transmitter device for each of the controlled purchases and explained how he recorded and surveilled the drug transactions. Moreover, Johnson—who was a participant to the controlled purchases and familiar with Spence's voice—testified that he knew he was being recorded, that the compact discs sought to be admitted into evidence contained the same recordings made during the controlled purchases, and that he could identify the recordings and the corresponding transcripts because he previously had

placed his initials on them. Although Agent Winslow testified that small portions of Johnson's conversation with Spence during the first controlled purchase were omitted from the recording due to a "short" in the recording device's microphone, Agent Winslow's and Johnson's proffered testimonies nevertheless satisfy Rule 901(a)'s low threshold for authentication of the conversation that was captured during the transaction. See United States v. Doyon, 194 F.3d 207, 212-13 (1st Cir. 1999) ("An accurate tape recording of part of a conversation is not inherently less admissible than the testimony of a witness who heard only part of a conversation and recounts the part that he heard."). In sum, we are unable to conclude that the foundation the government laid for each of the three controlled-purchase recordings was "clearly insufficient to insure the accuracy of the recording[s]." Clark, 986 F.2d at 69 (internal quotation marks omitted).

As for the audio recording of the jailhouse telephone conversation between Spence and his mother, Agent Winslow testified that he was familiar with the voices of Spence and Spence's mother, and he identified their voices on the recording. Further, Raymond Ridley, an employee of the Piedmont Regional Jail, testified that he produced recordings of the telephone calls between Spence and his mother, that he had listened to the recordings, that the compact discs contained the

8

full contents of the original discs, and that he had signified that the recordings were accurate by placing his initials on the discs. Ridley also provided detailed testimony explaining the process that he employed to extract the audio recordings from the jailhouse phone system and that there were no errors with the system when creating the discs. The testimony of Agent Winslow and Ridley was more than sufficient to establish that the audio recordings were what the government claimed them to be—accurately recorded conversations between Spence and his mother.

Spence did not object to any specific inaccuracies in the audio recordings or transcripts at trial, nor did he explore inaccuracies during cross-examination. See United States v. Capers, 61 F.3d 1100, 1106-07 (4th Cir. 1995) (rejecting assignment of error regarding admission of audio recordings and corresponding transcripts when the defendant had the opportunity to explore inaccuracies during cross-examination but failed to do so); Clark, 986 F.2d at 69 (same). Further, the district court's limiting instructions to the jury prevented any prejudice that may have resulted from any discrepancies between the audio recordings and the transcripts. See United States v. Pratt, 351 F.3d 131, 140 (4th Cir. 2003). Thus, we conclude that the district court acted well within its discretion in finding that each of the challenged audio recordings were

sufficiently authenticated and that the district court did not abuse its discretion in allowing the jury to consider the corresponding transcripts.

Next, Spence argues that the district court erred in calculating his drug quantity, maintaining that the court impermissibly attributed to him a higher drug quantity for sentencing purposes than the amount found by the jury. We can easily dispense with this argument. This Court has squarely held that "beyond establishing the maximum sentence, the jury's drug-quantity determination place[s] no constraint on the district court's authority to find facts relevant to sentencing." United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010). Spence acknowledges that this claim is foreclosed by circuit precedent and notes that he seeks to preserve the issue for possible en banc or Supreme Court review. Bound by Young, we discern no error with the district court's drug quantity calculation.

Last, Spence maintains that the district court erred when it assessed criminal history points for his 1998 North Carolina conviction for possessing with intent to sell cocaine, which he contends qualifies as relevant conduct. Had the 1998 conviction been considered relevant conduct, Spence claims, his criminal history category would have been reduced from III to II, which would have yielded an advisory Guidelines range of 262 to 327

10

months' imprisonment. Even assuming, arguendo, that the district court erred by including the 1998 cocaine conviction as part of Spence's criminal history, we conclude that the claimed error is harmless. See Puckett v. United States, 556 U.S. 129, 141 (2009) (observing that "procedural errors at sentencing . . . are routinely subject to harmlessness review").

A procedural sentencing error is harmless when we have "(1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (quoting United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006)) (internal quotation marks omitted). In this case, the district court plainly stated that it would have imposed the same sentence even if it erroneously calculated Spence's Guidelines range. Thus, the first prong of the harmlessness analysis is satisfied. As for the second prong, we have little difficulty in concluding that the imposed sentence is reasonable. Spence's total 324-month sentence falls within the purportedly applicable Guidelines range urged by Spence (262 to 327 months' incarceration) and, therefore, is presumed reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). The district court conducted a thorough

11

analysis of the 18 U.S.C. § 3553(a) sentencing factors, referring to the prolonged nature of the criminal drug conspiracy in which Spence was involved, Spence's extensive criminal history, and the need to deter others. A sentence at the high end of Spence's Guidelines range therefore would have been justified in light of the seriousness of Spence's criminal history, his lack of respect for the law, and his significant chance of recidivism. Spence has failed to show that his 324-month sentence is unreasonable given the record and the § 3553(a) factors.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED