**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4689**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL CURTIS MANESS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00428-WO-1)

Submitted:  June 27, 2014                Decided:  July 15, 2014

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Curtis Maness appeals the sentence imposed after he pled guilty, pursuant to a plea agreement, to possession of ammunition after having been convicted of a crime punishable by more than one year of imprisonment. The district court applied a cross-reference pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(c)(1)(A) to the kidnapping guideline, USSG § 2A4.1 because Maness possessed the ammunition in connection with an assault and kidnapping. The court varied downward from the 120-month sentencing range and imposed a sentence of 108 months of imprisonment. On appeal, Maness asserts that the district court erred in finding the evidence sufficient to establish that the kidnapping occurred, because the testimony at sentencing was not credible. Maness also argues that, even if the incident occurred, it is not relevant conduct to his possession of ammunition because it lacks any connection to that offense, and thus cannot support application of the cross-reference. The Government argues that the district court did not err, and that even if the cross-reference was erroneously applied, the error was harmless. We find merit in this latter argument and affirm.

A procedural sentencing error is harmless where this court has "(1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines

2

issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted). Assuming that the cross-reference was erroneously applied, Maness's sentencing range would have been fifty-seven to seventy-one months of imprisonment, and the court's 108-month sentence is a variance of fifty-two percent. The district court thoroughly and repeatedly explained that, even if it erred in applying the cross-reference, it would impose the same sentence to satisfy the 18 U.S.C. § 3553(a) (2012) sentencing factors.

Our review of the record leads us to conclude that, in light of the district court's consideration of the parties' arguments and the § 3553(a) sentencing factors, and its articulation of reasons warranting the imposition of an upward variant sentence, we should defer to the district court's determination as to the extent of the variance. United States v. Hargrove, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from zero-to-six-month Guidelines range to sixty-month sentence), cert. denied, 133 S. Ct. 2403 (2013); United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on the district

3

court's examination of relevant § 3553(a) factors); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court."). Maness's sentence is reasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED