**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4557**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AARON MONROE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   James C. Dever III, Chief District Judge.   (7:12-cr-00047-D-1)

Submitted:  September 9, 2016      Decided:  September 22, 2016

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Monroe pleaded guilty to robbery of a business engaged in interstate commerce and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951, 2 (2012) (count one), using and carrying a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c), 2 (2012) (count two), and being a felon in possession of a firearm, and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g), 924, 2 (2012) (count three). On resentencing, after determining that Monroe qualified as a career offender, the district court sentenced him to 324 months' imprisonment. We affirm.

At resentencing, Monroe objected to the determination that he was a career offender based on his North Carolina conviction for second degree rape in light of our decision in United States v. Shell, 789 F.3d 335 (4th Cir. 2015). The career offender sentencing enhancement applies if the defendant is at least 18 years old at the time of commission of the offense for which he is being sentenced and the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior convictions that qualify as either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2015). Under the force clause for career offender predicates, a crime of violence

2

is any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a).

The Government contends, however, that any error by the district court in determining Monroe qualified as a career offender and sentencing him to 324 months of imprisonment is harmless because the district court asserted at sentencing that, even if Monroe did not qualify as a career offender, it would have imposed the same sentence based on its consideration of the sentencing factors, 18 U.S.C. § 3553(a) (2012). Procedural errors at sentencing are "routinely subject to harmlessness review." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011); see Puckett v. United States, 556 U.S. 129, 141 (2009).

"'[A]ssumed harmlessness inquiry' requires (1) 'knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014). The error will be deemed harmless only where the court is "certain" of these two factors. United States v. Gomez, 690 F.3d 194, 203 (4th Cir. 2012). Because the district court stated that it would have imposed the same sentence as an

3

upward variance even if Monroe were not a career offender, we find that the first prong of the harmlessness inquiry is satisfied.

We "review all sentences — whether inside, just outside, or significantly outside the Guidelines range — under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We review the substantive reasonableness of a sentence, considering "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfie[s] the standards set forth in § 3553(a)." Gomez-Jimenez, 750 F.3d at 382. When the district court imposes a variant sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

In determining Monroe's sentence, the district court expressly considered his history and characteristics — including his numerous prior convictions, the nature and circumstances of the offenses of conviction, the seriousness of the offenses, the need to promote respect for the law, and the need to provide punishment. The court determined that there was a great need for deterrence. The court also emphasized the need to protect

4

the public, opining that Monroe participated in a "crime wave of terrible conduct that harms people" when he is not imprisoned.

After considering all of the § 3553(a) factors, the district court determined that a 324-month sentence was appropriate. In light of the district court's thorough consideration of the sentencing factors and its individualized assessment of the factors as they related to Monroe, we conclude that the 324-month upward variant sentence is reasonable and that any error by the district court in concluding that Monroe was a career offender, is harmless. See Gomez-Jimenez, 750 F.3d at 382.

Accordingly, we affirm Monroe's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED