**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4567**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

GREGORY TYSHAUN NIXON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:15-cr-00024-D-1)

Submitted: October 31, 2016          Decided: November 4, 2016

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Tyshaun Nixon appeals the 120-month sentence imposed by the district court following his guilty plea to possession of a firearm by a convicted felon. Nixon challenges the district court's application of a two-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2014) for Nixon's possession of between three and seven firearms and the district court's decision to depart upwardly from the Sentencing Guidelines range. The Government disputes the allegations of error but contends that any such error would be harmless because it had no effect on the sentence the district court imposed. We agree with the Government and affirm the district court's judgment.

We may proceed directly to an assumed error harmlessness inquiry without assessing the merits of Nixon's challenge to the Guidelines calculation. United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" Id. (quoting United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011)).

2

In this case, the district court explicitly stated that it would have given Nixon a 120-month sentence even if it had incorrectly calculated his Guidelines range. The district court also discussed each of the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors in support of its decision to impose a 120-month term. Given the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, see Gall v. United States, 552 U.S. 38, 51, 59-60 (2007), we conclude that Nixon's sentence would be substantively reasonable even if the disputed issue had been resolved in his favor. See Savillon-Matute, 636 F.3d at 123-24. Therefore, any error in the district court's Guidelines calculation is harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED