**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4676**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANDRAIL M. DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:15-cr-00252-D-2)

Submitted:  June 28, 2017                              Decided:  July 10, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.   John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Landrail Davis pled guilty to distribution of a quantity of cocaine base, in violation of 18 U.S.C. § 841(a)(1) (2012), and was sentenced to 96 months' imprisonment. Davis appeals, challenging the district court's determination of his Guidelines range and the reasonableness of the sentence imposed. We affirm.

The district court determined that Davis qualified as a career offender and that his advisory Guidelines range was 188 to 235 months. After considering the relevant sentencing factors, the district court departed downward from this range and concluded that a 96-month sentence was appropriate.

Alternately, the court concluded that, even if Davis did not qualify as a career offender, it would impose the same 96-month sentence as an upward variance from the 24- to 30-month non-career-offender range based on Davis' extensive criminal history and the court's "tremendous concern that [Davis'] criminal history substantially under-represents [his] criminal history and his likelihood of recidivism."

On appeal, Davis contends that the district court committed procedural error in sentencing him as a career offender and that the court's alternate variance sentence is also erroneous. Davis argues that the sentence imposed for his prior North Carolina conviction for selling cocaine did not exceed one year and one month and therefore was outside the time period in which a prior conviction may be scored for criminal history purposes and counted as a career offender predicate offense. The Government contends that any error in the district court's computation of the Guidelines range would be harmless in light of the district court's alternate variance sentence and that the sentence

2

imposed is reasonable. We agree with the Government and affirm the district court's judgment.

"[R]ather than review the merits of each of [Davis'] challenges, we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court explicitly stated that it would have given Davis a 96-month sentence even it had incorrectly applied the career offender enhancement. The district court also discussed each of the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors in support of its decision to impose an upward variant 96-month term. *See United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (stating that sentencing court is not required to "mechanically discuss[] each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects") (internal citations and quotation marks omitted). Given the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Davis' sentence would be substantively reasonable even if the career offender issue had been resolved in his favor. *See Savillon-Matute*, 636 F.3d at 123-24. Therefore, given the district court's alternate variance sentence, any error in the district court's Guidelines calculation is harmless.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*