**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4556**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW ASHLEY CUMMINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:16-cr-00124-D-1)

Submitted:  May 31, 2018                                    Decided:  June 5, 2018

Before DUNCAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Ashley Cummings appeals his 144-month sentence after pleading guilty to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012); attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Finding no reversible error, we affirm.

Cummings argues that the district court procedurally erred by miscalculating his advisory Sentencing Guidelines range. The Government contends that any such error would be harmless because it had no effect on the sentence the district court imposed. We may proceed directly to an assumed error harmlessness inquiry without assessing the merits of Cummings' Guidelines argument. *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court explicitly stated on the record that it would have given Cummings a 144-month sentence even if it had calculated his Guidelines range differently. The district court also discussed the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors and explained at length why it considered a 144-month sentence necessary. Given the thoroughness of the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *Gall v. United States*, 552 U.S. 38, 41 (2007),

2

we conclude that Cummings' sentence would be reasonable even if the disputed issue was resolved in his favor. *See Savillon-Matute*, 636 F.3d 119 at 124. Therefore, both prongs of the above test are met, and any error in the district court's Guidelines calculation was harmless. We likewise find no merit in Cummings' secondary argument that his sentence is substantively unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*