**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4730**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

ANTHONY VELZON CULP, a/k/a Andy Pandy,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Mary G. Lewis, District Judge.  (0:16-cr-00807-MGL-7)

Submitted:  July 31, 2018　　　　　　　　　　　Decided:  August 9, 2018

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Benjamin Neale Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Velzon Culp appeals his 84-month sentence imposed upon his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Finding no reversible error, we affirm.

Culp argues that the district court procedurally erred by miscalculating his advisory Sentencing Guidelines range. Specifically, he challenges the district court's imposition of a two-level sentencing enhancement for possession of a dangerous weapon in connection with drug activity under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016). The Government contends that the district court did not err and that, in any event, any such error was harmless because it had no effect on the sentence imposed. We may proceed directly to an assumed error harmlessness inquiry without assessing the merits of Culp's Guidelines argument. *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court stated that it would have given Culp an 84-month sentence even if it had calculated his Guidelines range without the weapon possession enhancement. The district court also discussed the applicable 18 U.S.C. § 3553(a) (2012)

2

sentencing factors and explained at length why it considered an 84-month sentence necessary. Given the thoroughness of the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *Gall v. United States*, 552 U.S. 38, 41 (2007), we conclude that Culp's sentence would be reasonable even if the disputed issue was resolved in his favor. *See Savillon-Matute*, 636 F.3d at 124. Therefore, any error in the district court's Guidelines calculation was harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*