**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4088**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

CLEVELAND MCDOWELL MEADOR, IV, a/k/a Cleve,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:17-cr-00115-1)

Submitted: August 20, 2018                Decided: September 5, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, W. Clinton Carte, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland McDowell Meador, IV, appeals from his conviction and 24-month sentence entered following a jury verdict finding Meador guilty of possession of a firearm by a convicted felon. On appeal, Meador challenges the denial of his motion to suppress and the district court's failure to apply an offense level reduction for acceptance of responsibility under U.S. Guidelines Manual § 3E1.1 (2016). We affirm.

I.

We review de novo the district court's legal conclusions on a motion to suppress. *United States v. Castellanos*, 716 F.3d 828, 832 (4th Cir. 2013). Normally, the district court's factual findings in the suppression context are reviewed for clear error. However, where the district court has made no findings of fact, we assume the district court construed the evidence in the light most favorable to the party who prevailed on the suppression motion below (in this case, the Government). *Id.*

Meador does not dispute that he knowingly and voluntarily gave his consent for a search of his home. Moreover, he does not dispute that his consent was never revoked. Instead, he alleges that, when the officers detained him outside his home and told him he could not go back in his house for a shirt and cigarettes, he was prevented from monitoring the search and revoking or limiting consent.

We conclude that the record contains no evidence that the officers caused Meador to believe that he did not have a right to stop or limit the search. There is no allegation that the officers used harsh or coercive language; Meador was outside his own home; he was not in handcuffs; the officers' alleged given reason for not permitting Meador to go

2

back into the house was eminently reasonable;[1] and there was no evidence of coercive pressure. Moreover, the district court did not explicitly make a credibility determination between an officer's testimony that he never spoke to Meador and Meador's testimony that this officer told him he could not go back into the house. Thus, construing the evidence in the light most favorable to the Government (i.e. crediting the officer's testimony), there is no evidence that Meador made any request at all regarding reentering the house.

It is undisputed that Meador gave verbal and written consent. He was counseled regarding his ability to change his mind and revoke his consent, and yet, even according to his own testimony, he never asked the officers to stop, never expressed confusion or frustration or anger about the search once it was underway, and never stated that he changed his mind. Moreover, even assuming that an officer told Meador that he could not go into the house for a shirt and cigarettes, we conclude that such a statement was reasonable under the circumstances and provides no evidence of coercion. Accordingly, the motion to suppress was properly denied.

## II.

We "review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error[,] . . . giv[ing] great deference to the district court's decision

---

[1] According to Meador, the officers were concerned about officer safety. Such concern was reasonable given that the anonymous tip which caused the officers to seek Meador's consent concerned drugs and firearms and there were other people both originally in the house and in the driveway.

because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (internal brackets and quotation marks omitted). To qualify for the two-level USSG § 3E1.1(a) reduction, "a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, cmt. n.2. However, "[i]n rare situations," including "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," such as a "constitutional challenge to a statute," the "defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct." USSG § 3E1.1, cmt. n.2. Meador asserts that, although he went to trial, he did so only to preserve the right to appeal the denial of his motion to suppress, and as such, he was entitled to an acceptance of responsibility reduction.

However, we need not decide if the district court erred, because the district court adequately explained its sentence on alternative grounds supporting a variance sentence, by reference to the 18 U.S.C. § 3553(a) (2012) factors.[2] *See United States v. Grubbs*, 585 F.3d 793, 804 (4th Cir. 2009); *see also United States v. Evans*, 526 F.3d 155, 165 (4th

---

[2] Without an acceptance of responsibility reduction, Meador's Guidelines range would have been 15 to 21 months in prison. Thus, Meador's 24-month sentence would be an upwards variance.

4

Cir. 2008) (holding that, when a court provides two or more independent rationales for a given sentence, "an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just *one* of these rationales") (emphasis in original). We have, in the past, applied the "assumed error harmlessness inquiry" and affirmed sentences without considering the merits of the claimed procedural sentencing errors because the record established that the district courts would have reached the same result, which was reasonable, regardless of the errors. *See United States v. Hargrove*, 701 F.3d 156, 163-64 (4th Cir. 2012); *United States v. Savillon-Matute*, 636 F.3d 119, 124 (4th Cir. 2011) (finding, absent the Guideline error, district court would have imposed the same sentence based on a "deferential standard of review and the lengthy statement of reasons from the district court"). Thus, because the district court explicitly stated that it would apply the same sentence as an alternative variance sentence considering the § 3553(a) factors and providing detailed and appropriate reasoning, we decline to address whether the district court erred in denying the acceptance of responsibility adjustment. In fact, although the Government raised the issue of the alternative sentence in its appellate brief, in his reply brief, Meador did not dispute that his alternative variance sentence was reasonable.

## III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*