**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4458**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR SANTOS-OCHOA, a/k/a Victor Sandoval, a/k/a Victor Manuel Sandoval, a/k/a Jose Aviles, a/k/a Ochoa Victor Santos, a/k/a Cheeko Santos, a/k/a Jorge Candido-Perez, a/k/a Keeho Victor Ochoa, a/k/a Jose Ortiz, a/k/a Jose Ortiz-Dominguez, a/k/a Jose Dominguez-Ortiz, a/k/a Oscar Flores Dominguez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:17-cr-00151-HEH-1)

Submitted: March 27, 2019                           Decided: April 4, 2019

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Nia A. Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Santos-Ochoa appeals his 96-month sentence following his guilty plea to illegal reentry after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Santos-Ochoa argues that the district court procedurally erred by applying an upward departure under the Sentencing Guidelines. The Government contends that any such error would be harmless because it had no effect on the sentence the district court imposed. Santos-Ochoa also contends that, after the district court departed and varied upward to a new Guidelines range, it erred by failing to explain its additional reasons for imposing a 96-month sentence. Finding no reversible error, we affirm.

We may proceed directly to an assumed error harmlessness inquiry without assessing the merits of Santos-Ochoa's argument regarding the upward departure under the Sentencing Guidelines. *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

The district court here applied an upward departure and an upward variance to reach a Sentencing Guidelines range of 84 to 105 months' imprisonment. The court explicitly stated that a sentence in that range was appropriate, given the 18 U.S.C. § 3553(a) (2012) sentencing factors, regardless of whether the court applied the upward

2

departure that Santos-Ochoa challenges on appeal. The district court also discussed several of those factors at length and explained why a sentence of 84 to 105 months was sufficient but not greater than necessary to achieve the purposes of § 3553(a). Given the sufficiency of the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *Gall v. United States*, 552 U.S. 38, 41 (2007), we conclude that Santos-Ochoa's sentence would be reasonable even if we resolved the disputed Guidelines issue in his favor. *See Savillon-Matute*, 636 F.3d at 124. Therefore, both prongs of the assumed error harmlessness test are met. We further hold that the district court offered an adequate explanation for its decision to impose a 96-month sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*