**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4768**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JOSE SABINO AGUIRRE-LEON, a/k/a Jose Sabino Aguirre, a/k/a Jose Leon Aguirre, a/k/a Jose Sabino Leon, a/k/a Jose S. Aguirre-Leon, a/k/a Jose Sadino Aguirre,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:19-cr-00068-REP-1)

Submitted: March 3, 2020                        Decided: March 23, 2020

Before NIEMEYER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Sabino Aguirre-Leon appeals the 14-month sentence imposed after he pleaded guilty to illegal reentry after removal following a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2018). On appeal, Aguirre-Leon challenges the district court's application of the Sentencing Guidelines and alleges several other procedural errors. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we consider, among other things, whether the district court incorrectly calculated the Guidelines range, misapplied the 18 U.S.C. § 3553(a) (2018) factors, or based its sentence on clearly erroneous facts. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020).

Here, we need not address Aguirre-Leon's Guidelines argument because, even assuming the district court committed the error Aguirre-Leon alleges, such error would be harmless. *See United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (discussing assumed error harmlessness inquiry). First, the district court's emphasis on selecting a sentence tailored to Aguirre-Leon's personal circumstances and the § 3553(a) factors leads us to conclude that "the district court would have reached the same result even if it had decided the Guidelines issue the other way." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (brackets and internal quotation marks omitted). Second, Aguirre-Leon's 14-month sentence is within the Guidelines range that would have applied without the assumed error, *see id.* at 330-31, and Aguirre-Leon fails to rebut the presumption of

reasonableness accorded this within-Guidelines sentence, *see United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Thus, we conclude that any Guidelines error is harmless.

Next, contrary to Aguirre-Leon's contention, we discern no clear error in the district court's factual finding that Aguirre-Leon was responsible for his failure to secure legal entry into the United States. *See United States v. Bartko*, 728 F.3d 327, 345 (4th Cir. 2013) (providing clear error standard). Finally, we reject Aguirre-Leon's claim that, in applying the § 3553(a) factors, the district court abused its discretion by weighing heavily the need for deterrence or by discounting certain sentencing data that Aguirre-Leon presented in support of a lower sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*