**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4775**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DEVON RAHEEM MILLER,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00332-WO-1)

Submitted:  March 29, 2022                          Decided:  March 31, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Raheem Miller appeals the 108-month sentence imposed after he pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Miller argues that the district court erroneously enhanced his offense level by applying the kidnapping cross-reference under U.S. Sentencing Guidelines Manual (USSG) §§ 2A4.1, 2K2.1(c)(1)(A), 2X1.1(a) (2018). We affirm.

"We review a sentence imposed by the district court under a deferential abuse-of-discretion standard." *United States v. St. Louis*, 889 F.3d 145, 158 (4th Cir. 2018). When reviewing a district court's determinations under the Sentencing Guidelines, "we review questions of law de novo, and questions of fact for clear error." *Id.* "At sentencing, the government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019) (cleaned up). "We accord the district court's credibility determinations great deference." *United States v. Bolton*, 858 F.3d 905, 913 (4th Cir. 2017) (internal quotation marks omitted).

At sentencing, the Government presented evidence that, on the night of the incident giving rise to the firearm charge, Miller—who admitted he was under the influence of cocaine and that this likely dramatically enhanced his behavior—became angry after discovering people in his home. After entering the home, Miller pointed a firearm at the occupants and forced them to leave; as one of the female occupants attempted to leave, Miller grabbed her by the arm and told her to "[s]it the f*#! down." Miller then locked the door. The female victim testified that she obeyed Miller's command out of fear that the gun was loaded. The district court expressly credited this testimony, along with other

2

evidence establishing the volatility of the situation. On this record, we discern no clear error in the court's decision to apply the kidnapping cross-reference.[*] *See* N.C. Gen. Stat. § 14-39(a)(3) ("Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of . . . terrorizing the person so confined, restrained or removed.").

Accordingly, we affirm the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] After listening to several witnesses testify, the district court expressly recognized that Miller's Guidelines range would be the 120-month statutory maximum, even if the enhancement was inapplicable, because it would apply the "restraint of victim" enhancement in USSG § 3A1.3. Accordingly, even if the court erred when it applied the kidnapping cross-reference, that error would be harmless. *See United States v. Savillon-Matute*, 636 F.3d 119, 123-24 (4th Cir. 2011) (affirming sentence without reaching claimed Guidelines error where the record established the court would have reached the same result even if it had decided the Guidelines issue the other way and the imposed sentence would be reasonable had the issue been decided in defendant's favor); *see also United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.").